Argued June 22, reversed and remanded August 2, 1976

STATE OF OREGON, *Appellant,*

*v.*

RONALD LEE OLIVER, *Respondent.*

(No. 75-925, CA 5640)

552 P2d 562

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem.

*Gary L. Hill,* Roseburg, argued the cause for respondent. With him on the brief were Slocum and Poole, Roseburg.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was charged with theft in the first degree, ORS 164.055. The state appeals from a trial court order dismissing the indictment on the ground of former jeopardy. We reverse.[1]

The record of the hearing on the motion to dismiss reveals that defendant and one Woolsey were questioned by officers who were investigating a report that an individual had been seen with an elk. Defendant and Woolsey admitted to the officers that they had shot a steer, put it in their car, and then, while driving, they had "come upon and hit an elk." The steer and the elk were discovered hanging side by side in defendant's shed. Defendant and Woolsey were cited for illegal possession of elk, tried before a justice of the peace and found guilty. Two months later, defendant was indicted for theft of the steer.

The sole issue in this case is whether the illegal elk possession and the livestock theft are based on the "same criminal episode." Since we find they are not, prosecution of the former charge did not bar prosecution of the latter.

ORS 131.515 specifies when a previous prosecution will bar a second prosecution. The relevant subsection provides:

> "(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

ORS 131.505(4) defines "criminal episode":

> " 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such

---

[1] In the companion case of *State v. Woolsey,* 25 Or App 468, 549 P2d 694 (1976), the trial court denied Woolsey's motion to dismiss the indictment charging him with theft. Since the trial court there reached the right result, we affirmed.

conduct is directed to the accomplishment of a single criminal objective."

The Oregon Supreme Court has held that "same criminal episode" is synonymous with "same transaction." *State v. Boyd,* 271 Or 558, 566, 533 P2d 795 (1975). The court defined the phrase by stating that

" '* * * two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.' " 271 Or at 564 (quoting from *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973)).

We can add nothing by way of explanation or clarification to the holdings of the Oregon Supreme Court or to our recent discussions of former jeopardy.[2]

Here the circumstances of the two crimes, as known by the prosecutor at the time of the first prosecution, were entirely different. In one instance, defendant and Woolsey deliberately shot a steer belonging to another person and then took it away from the owner's land. In the other instance, while they were driving down the highway, they accidentally struck an elk. They kept the elk carcass rather than turning it over to the proper authorities. If the elk had been hit a week after the steer was stolen at a place many miles removed from the site of the theft and then stored in the same shed, there is no doubt that these charges would be unrelated. There would be no close link in time or place. The mere coincidence of hitting the elk shortly after stealing the steer does not mean that the theft was based on the same criminal episode as the subsequent illegal possession of the elk.

We note that this case would be on all fours with *Boyd,* and we would reach a different result, if the theft charge were based on defendant's mere possession of the steer, i.e., its retention and concealment.

---

[2] *State v. Mancuso,* 25 Or App 785, 551 P2d 110 (1976); *State v. Sprague,* 25 Or App 621, 550 P2d 769 (1976); *State v. Mozorosky,* 25 Or App 499, 549 P2d 1303 (1976).

Then the possession of the steer and the possession of the elk at the same time and place would constitute a single *condition* which, for purposes of the *Boyd* test, is the equivalent of relatable *events* as far as barring multiple prosecutions. *See, State v. Boyd, supra* at 570. Here, however, defendant was charged with the act which culminated in his possession of the steer, i.e., theft. This is closely analogous to the situation hypothesized in *Boyd* where multiple prosecutions would be allowable. The court stated:

> "* * * Had defendant been charged with the actual theft of the television set on one occasion and the illegal purchase of drugs at another time, it would be clear enough that the events would be unrelated and therefore obviously not unitary. * * *" 271 Or at 570.

Reversed and remanded.