Argued December 16, 1977, reversed and remanded March 20, reconsideration denied May 3, petition for review denied September 6, 1978, 283 Or 235

# STATE OF OREGON, *Appellant,*

*v.*

# ERIC BERNARD FLAHERTY, *Respondent.*

## (No. 76-9-76C, CA 8033)

576 P2d 31

John W. Burgess, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were James A. Redden, Attorney General, W. Michael Gillette, former Solicitor General, and Al J. Laue, Solicitor General.

John Henry Hingson III, Oregon City, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

TANZER, P. J.

**TANZER, P. J.**

The state appeals from the dismissal of one count of an indictment after defendant pleaded guilty to the second count. The issue is whether defendant waived any claim of former jeopardy by pleading guilty, over the prosecutor's objection, to one of two counts of an indictment charging him with criminal activity in drugs in violation of former ORS 167.207.

The first count of the indictment charged defendant with possession of hashish punishable by a maximum of ten years imprisonment. The second count charged him with possession of less than an ounce of marijuana at the same time and place, punishable by no more than a $100 fine. Defendant pleaded not guilty to the first count and tendered a plea of guilty to the second. The prosecutor, noting the penal disparity, stated his fear that defendant might attempt to use the guilty plea to bar prosecution on the first count. He urged the court not to treat the two counts separately and not to accept defendant's guilty plea.

The following colloquy between the court and defendant's attorney occurred with respect to the jeopardy issue:

"THE COURT: Well, you know what I'm talking about.

"[Defendant's attorney]: Yes, I understand the general problem that arises out of not trying these simultaneously.

"But with regard to the two charges, your Honor, *he would like to admit* his guilt of possession of less than an ounce of marijuana, and *require the State to prove beyond a reasonable doubt that he's guilty of Count I by a jury.*

"* * * * *

"Well, the defendant has desired to admit his guilt to this one count and hopefully get the matter just taken care of and disposed of. Mr. Cravens has noted that this is only a violation, and if there is a fine that the Court can impose, *it would be the request of the defendant that he be able* to pay that and get this matter over with then *proceed with the other at the most appropriate time,* so

that he can have peace of mind, so he can get this cloud out from over his head." (Emphasis supplied.)

The hearing was continued until the following day before another trial judge. Defendant made a similar statement and the prosecutor expressed his opposition. The court accepted the guilty plea on the second count and imposed a fine.

Thereafter, defendant moved for dismissal of the first count on the ground that he had already been convicted of the same offense of criminal activity in drugs by virtue of the judgment on the second count. The court granted the motion and dismissed the first count with prejudice.

Article I, section 12 of the Oregon Constitution guarantees that "[no] person shall be put in jeopardy twice for the same offence * * *."[1] This principle is codified in ORS 131.515(1):

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense."

▮ Possession of two different drugs at the same time and place constitutes a single offense. *State v. Homer,* 22 Or App 328, 538 P2d 945 *rev den* (1975). Separate counts are in effect alternative forms of charging the same crime. *State v. Welch,* 264 Or 388, 505 P2d 910 (1973). Therefore, defendant ordinarily could not be prosecuted [2] separately on the two counts of criminal activity in drugs unless he has waived his constitutional protection against double jeopardy. *State v. Boyd,* 271 Or 558, 568, 563 P2d 795 (1975).

---

[1] The Fifth Amendment to the United States Constitution also provides:

"* * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

[2] ORS 131.505(5)(a) provides:

"A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty; or * * *."

Defense counsel seeks to justify the dismissal not on the grounds of justice or fair play, but rather by observing that criminal law, as practiced in the arena of the trial court, is actually and properly a contest of gamesmanship[3] and, if the defendant is able to manipulate the system to his advantage, then so be it.

Be that as it may, in this case the game playing was preceded by a waiver of any claim to the pot. Defense counsel told the court repeatedly as a part of his proffered plea that he desired the state to be put to its proof on the other count. That is an express waiver of whatever protection, if any, may have flowed from an early disposition of the less grave charge.[4] As the United States Supreme Court recently held in *Jeffers v. United States*, 432 US 137, 97 S Ct 2207, 53 L Ed 2d 168, 181 (1977), regarding separate convictions for conspiracy and the substantive offense:

> "* * * Similarly, although a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." (Footnote omitted.)[5]

The dismissal of Count I for former jeopardy was erroneous.

Reversed and remanded.

---

[3] In *State v. Hammang,* 271 Or 749, 534 P2d 591 (1975), defendant pled guilty to theft of a gun. That conviction was held not to bar a later prosecution for murder arising from the same criminal episode. Although the case is legally distinguishable, the Supreme Court's language is instructive.

> "* * * To recognize that defendant could cut off the state's right to prosecute for other crimes growing out of one transaction by his election to plead guilty to one of the charges would be to make a game out of the double jeopardy principles." 271 Or at 756.

[4] In at least this regard, waiver, this case is distinguishable from *State v. Highland,* 28 Or App 251, 558 P2d 1298 (1977). Also, in *Highland,* the state did not object to the premature disposition.

[5] We note that the Supreme Court also held as a matter of congressional intent that the cumulative punishment for both convictions may not exceed the maximum provided for the greater conviction, *Jeffers v. United States,* 432 US 137, 97 S Ct 2207, 53 L Ed 2d 168, 184 (1977), but it would be premature for us to consider the cumulative punishment issue in this case.