Argued and submitted October 20, affirmed December 15, 1980,
reconsideration denied February 4,
petition for review denied March 31, 1981 (290 Or 727)

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN CLYDE YOCK,
*Appellant.*

## (No. 19-385, CA 17280)

621 P2d 592

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson, and Buttler, Judges.

RICHARDSON, J.

BUTTLER, J., dissenting opinion.

## RICHARDSON, J.

Defendant appeals his conviction after jury trial of burglary in the first degree. ORS 164.225. He raises three assignments of error: (1) that the trial court erred in denying his motion to dismiss the burglary charge after his acquittal of driving while under the influence of intoxicants (DUII) allegedly arising out of the "same criminal episode" or "same act and transaction," in violation of ORS 131.515 and Article I, § 12 of the Oregon Constitution; (2) that the court erred in admitting into evidence in defendant's burglary trial testimony given by defendant in the DUII trial; and (3) that the sentence imposed was excessive under ORS 138.040 or otherwise violated Article I, § 15 of the Oregon Constitution. We affirm.

At approximately 3 a.m. on September 5, 1979, defendant was observed by a police officer operating his vehicle in an erratic manner on a public highway. He was stopped, placed under arrest, and charged with DUII. At the time of his arrest, defendant was shirtless and shoeless. A few minutes earlier, within a mile and a half from the location where defendant was stopped, an unidentified intruder had entered a neighborhood residence through a kitchen window. The residence was occupied by defendant's estranged wife, her children and her mother.

After defendant was placed under arrest for DUII and given *Miranda*[1] warnings, he admitted being at his ex-wife's residence that night. He subsequently made additional incriminating statements about his role in the burglary and admitted entering the home through the kitchen window after removing his shirt and shoes.

Defendant was charged with burglary. He was first tried on the DUII charge and acquitted. Prior to the trial on the burglary charge, defendant moved to dismiss that charge on former jeopardy grounds, claiming the DUII and burglary charges arose out of the "same criminal episode" or "same act or transaction." His motion was denied, and he was convicted after jury trial.

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

Defendant argues on appeal that the second prosecution was barred by ORS 131.515 and Article 1, § 12 of the Oregon Constitution. ORS 131.515 provides:

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."[2]

The Supreme Court recently stated in *State v. Knowles,* 289 Or 803, 618 P2d 1245 (1980), that ORS 131.515 provides two "former jeopardy" protections for criminal defendants. The first, embodied in subsection (1), was intended by the legislature to restate the constitutional guarantee in Article I, § 12.[3] The second, embodied in subsection (2), is a legislative prohibition against multiple prosecutions of distinct offenses which are factually related. *See State v. Hammang,* 271 Or 749, 756, 534 P2d 501 (1975). With regard to subsection (2), the court stated:

"* * * The policy underlying that subsection is that there should not be unnecessary separate trials stemming from conduct which constitutes more than one offense. The policy is to be effectuated by a rule of compulsory joinder. If the prosecutor fails to accomplish that joinder, the sanction for that failure is statutory prohibition of subsequent prosecutions. The subsection is not dependent upon any constitutional text or concept; the subsection is an independent method of preventing prosecutorial harassment of a defendant who has committed multiple offenses in a single criminal episode." (Footnotes omitted.) 289 Or at 811.

We first examine defendant's claim under subsection (2).

---

[2] ORS 131.515(3) deals with offenses of different degrees, lesser included offenses and attempts, none of which in involved in this case.

[3] Defendant does not assert ORS 131.515(1) is other than a restatement of the state constitutional guarantee against double jeopardy. As noted by the Supreme Court in *State v. Knowles, supra,* the legislative commentary is clear in this respect. As in *Knowles,* we have no occasion to question the accuracy of the commentary in this case.

To be entitled to the protection afforded in subsection (2), defendant must establish all three of the provision's essential elements. If any of the three is not established, the statutory claim under this subsection fails. *State v. Knowles, supra.* The only concern here is whether defendant was "separately prosecuted for *two or more offenses based upon the same criminal episode.*"[4] (Emphasis supplied.) The specific issue is whether the two charges arose out of the "same criminal episode."

The term "criminal episode" is defined in ORS 131.505 as follows:

"As used in ORS 131.505 to 131.525, unless the context requires otherwise:

"\* \* \* \* \*

"(4) 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective.

"\* \* \* \* \*."

In *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975), the Supreme Court stated that the term "criminal episode" as defined in ORS 131.505(4), was synonymous with the term "same act or transaction" enunciated by the court for former jeopardy claims based on Article I, § 12 in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), and subsequently defined with respect to permissive joinder of charges under ORS 132.560(2) in *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973). In *Fitzgerald,* the court stated:

"We hold that the two charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge. \* \* \*" 267 Or at 273.

■ With these definitions as guides, we conclude that the offenses here did not arise out of the "same criminal episode" under ORS 131.515(2). The circumstances of the two crimes are totally different. In one instance, defendant was charged with unlawfully entering his ex-wife's residence with the intent to commit the crime of criminal

---

[4] There is no issue here with regard to proper venue or prosecutorial knowledge, the other two essential elements of subsection (2).

mischief therein. In the other instance, defendant was charged with driving a motor vehicle on a public highway while allegedly under the influence of intoxicants. The facts of each charge could be completely detailed without reference to the facts of the other. The only link between the crimes is the close proximity of time and place. The crimes, however, have wholly different elements and occurred independent of one another. They were not related to a single criminal objective. ORS 131.515(2) is therefore inapplicable. *See State v. Fitzgerald, supra; State v. Oliver,* 26 Or App 331, 552 P2d 562 (1976).

Defendant also argues that the prosecution for burglary violates Article I, § 12 of the Oregon Constitution.

"No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself."

Clearly defendant was not prosecuted twice for a single offense. The issue then is whether multiple prosecutions for separate offenses offends Article I, § 12.

■     In *State v. Brown, supra,* the Supreme Court interpreted Article I, § 12 to mean:

"* * * a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 458.

If the constitutional principles of *Brown* have continuing validity in light of *State v. Hammang, supra,* what we have said in our discussion of ORS 131.515(2) applies equally to defeat defendant's constitutional claim. The two offenses for which defendant was prosecuted did not arise out of the same criminal episode or the same transaction, as those terms are explained in *State v. Fitzgerald, supra,* and *State v. Boyd, supra.*

If, however, *Brown* is no longer the current explanation of Article I, § 12 in light of *Hammang* and ORS 131.515, we are left with the "same evidence" test articulated in *State v. McDonald,* 231 Or 48, 365 P2d 494

(1961), *cert den* 370 US 903 (1962). In summary, that test provides that if proof of one charge necessarily proves the other, then a prosecution of the second offense is barred. In this case none of the elements of the burglary or the conduct which constituted the burglary were necessarily proved in the defendant's DUII trial.

■■     Defendant's second claim is that the court erred in admitting testimony given by defendant at his DUII trial. Defendant contends the testimony was inadmissible under ORS 41.900(8)[5] and violated his privilege against self incrimination guaranteed by Article I, § 12,[6] and by the Fifth[7] and Fourteenth[8] Amendments to the United States Constitution. The state contends there was no constitutional violation because the testimony was admissible under ORS 41.900(2). We agree with the state in this regard.

ORS 41.900 provides:

"Evidence may be given of the following facts:
"* * * * *

"(2) The declaration, act or admission of a party as evidence against such party.
"* * * * *."

Evidentiary admissions made under oath are admissible against a criminal defendant at a subsequent trial. *State v.*

---

[5] ORS 41.900(8) provides:

"Evidence may be given of the following facts:
"* * * * *

"(8) The testimony of a witness, deceased, or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter."

[6] Article I, § 12, provides:

"No person shall be * * * compelled in any criminal prosecution to be a witness against himself."

[7] Amendment V in pertinent part provides:

"No person * * * shall be compelled in any criminal case to be a witness against himself * * *."

[8] Section I of Amendment XIV provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

*Williams,* 7 Or App 579, 492 P2d 513 (1972). Defendant does not contend that his testimony in the DUII trial was not knowingly or voluntarily given or given without the considered assistance of counsel. Under such circumstances, the testimony was properly admitted. *Anderson v. United States,* 417 US 211, 220, 94 S Ct 2253, 41 L Ed 2d 20 (1974); *Harrison v. United States,* 392 US 219, 222, 88 S Ct 2008, 20 L Ed 2d 1047 (1968); 8 Wigmore, Evidence § 2276 (McNaughten Rev. 1961).

■      Finally, defendant contends the sentence imposed by the court was excessive[9] and violates Article I, § 15[10] of the Oregon Constitution. Defendant was sentenced to three years' incarceration. The period of defendant's incarceration was within the maximum allowed by law. Considering the circumstances in this case, we cannot say the court was clearly mistaken or committed a clear abuse of discretion. *State v. Dinkel,* 34 Or App 375, 385, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979).

Affirmed.

**BUTTLER, J.,** dissenting.

It is conceded, as the majority recognizes, that the prosecutor had knowledge of both charges and that they could have been joined in the same court. The only question, as I see it, is whether the two offenses are "based upon the same criminal episode" (ORS 131.515(2)) as defined in ORS 131.505(4).[1] Because I conclude that they were, I would reverse, and therefore dissent.

Defendant and his wife were separated and in the process of dissolving their marriage; his wife had temporary custody of their children. On the night in question,

---

[9] ORS 138.040 provides the statutory scope of our review of sentences in criminal cases. Our only concern is whether the sentence appealed from is "cruel, unusual or excessive in light of the nature and background of the offender, or the facts and circumstances of the offense."

[10] Article I, § 15, provides:

"Laws for the punishment crime shall be founded on the principles of reformation, and not vindictive justice."

[1] Because I conclude that the statutes control, there is no necessity to consider the constitutional aspects of former jeopardy, Article I, § 12, Oregon Constitution, as construed in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

defendant broke into his wife's house, which she shared with her mother; while there, defendant drank a six-pack of beer; when he heard his mother-in-law moving about, he made a quick exit through a window, got in his car and drove away hastily. About four miles from the house he was stopped and arrested for driving under the influence of intoxicating liquor. There were beer bottles in defendant's vehicle, and also in his wife's yard. During questioning at the police station, defendant made incriminating statements concerning his entry of his wife's house.

Defendant was charged both with burglary in the first degree and with DUII. The DUII charge came to trial first; defendant testified during trial and was acquitted.

Thereafter, defendant's motion to dismiss the burglary charge was denied. At the trial on that offense, defendant's testimony given during his defense of the DUII charge was admitted in evidence and he was convicted.

ORS 131.515(2) provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The phrase "criminal episode" is defined in ORS 131.505(4):

> " 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

It seems to me that defendant's getaway from the scene of the burglary comes squarely within the definition of "criminal episode," and that it was incumbant upon the state to join the two charges for trial, in default of which the defendant was entitled to dismissal of the second charge. *See State v. Knowles,* 289 Or 803, 618 P2d 1245 (1980). It is not for us to judge the wisdom of the legislature's requirement of joinder[2] in these circumstances. The legislative assembly apparently approved of

---

[2] I do not venture to distinguish permissive joinder of charges under ORS 132.560(2) from compulsory joinder under the statute here involved. However,

the analysis stated in *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). In *Brown,* the court said:

> "* * * We are aware that compulsory joinder of criminal charges raises many problems that would be better solved by the legislature than by the courts. We are concerned, however, with the minimum protection which our constitution requires, and we believe that the double jeopardy guarantee demands a realistic limitation on successive prosecutions by the state. A prosecutor who is or should be aware of the facts ought not to be able, in his sole discretion, to subject a defendant to a series of trials for violations which are part of the same course of conduct and which could be tried together." 262 Or at 457.

There is no question here that the two offenses have different elements, require different proof and are directed to a different harm or evil. But that is not the question, even though we may think it ought to be. Perhaps the result which it seems to me the statute dictates does not make much sense. Perhaps the legislature did not intend such a result. On the other hand, the fact that defendant's testimony in the DUII case was admitted in evidence in the burglary case (which would seem impermissible if the two offenses were not closely related) may be the kind of concern which persuaded the legislature to require joinder. Harassment, albeit ill defined, is one of the concerns.

I do not mean to suggest that the prosecutor intentionally brought to trial the DUII charge in the hopes that something might develop which would help the state in the prosecution of the burglary charge. Nonetheless, if the majority are correct, there is nothing to prevent that kind of manipulation of the process.

For the foregoing reasons, I respectfully dissent.

---

reason strongly suggests that the criteria for permissive joinder should be less stringent than those for compulsory joinder. If they are the same, one is meaningless; if permissive is more stringent, the situation is impossible. *But see State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973); *State v. Boyd,* 271 Or 558, 533 P2d 795 (1975). The majority rely, in part, on *Fitzgerald,* which is a permissive joinder case in which the court totally ignored compulsory joinder. As if to clarify matters, the court in *Boyd,* a compulsory joinder case, seems to equate the criteria for the two types of joinder. Accordingly, the majority's confusion must be excused.