Argued and submitted May 20, 1981, reversed and remanded for trial January 25, reconsideration denied March 11, petition for review denied April 20, 1982 (292 Or 863)

## STATE OF OREGON,
*Appellant,*

*v.*

## THOMAS PAUL PAQUIN,
*Respondent.*

(Nos. 80-1639 - 80-1722, CA 19381)

639 P2d 694

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

J. Britton Conroy, Corvallis, argued the cause for respondent. With him on the brief were Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Before Buttler, Presiding Judge, Warden, Judge, and Joseph, Chief Judge.*

WARDEN, J.

---

* Joseph, C.J., *vice* Warren, J.

WARDEN, J.

Defendant was charged with possession of a controlled substance, ORS 475.992(4), and unlawful possession of a concealed weapon. ORS 166.250. The state appeals from a trial court order dismissing the charges on the ground of former jeopardy. We reverse.

On July 16, 1980, defendant drove his automobile into a field, knocking down several fence posts and damaging the vehicle. The police officer investigating the accident questioned defendant and his passenger at the scene, but issued no citation. The automobile was towed to a service station in Brownsville, five miles away. Defendant, riding in his brother's car, followed the officer and the tow truck into town.

Along the route, during a brief stop, the police officer observed defendant take something from the towed car and place it in defendant's brother's automobile. The officer then observed defendant throw a white pill on the ground.[1] An immediate search of defendant's brother's car produced a plastic bag containing a white powdery substance. The next day, after obtaining a search warrant, the officer searched defendant's auto and found a concealed automatic pistol. On July 21, 1980, defendant was charged by a uniform traffic citation in the justice court in Lebanon with reckless driving. On July 31, 1980, defendant was charged by indictment in the Linn County Circuit Court with possession of a controlled substance, and on August 12, 1980, by information, with unlawful possession of a concealed weapon. Following his conviction on October 6, 1980, in justice court for reckless driving, the circuit court granted defendant's motion to dismiss the controlled substance and concealed weapon charges on double jeopardy grounds.

ORS 131.515 specifies when a previous prosecution will bar subsequent prosecutions. The relevant subsection provides:

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode if the

---

[1] The officer later identified the pill as Quaalude, which contains a controlled substance, methaqualone.

several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

The state argues that it is not barred from prosecuting the possession charges, because the reckless driving offense was not based on the "same criminal episode."[2] ORS 131.505 defines "criminal episode" as follows:

"(4) 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

In *State v. Boyd,* 271 Or 558, 566, 533 P2d 795 (1975), the Supreme Court stated that the term "criminal episode," as defined in ORS 131.505(4), is synonymous with the term "same act or transaction." The court defined that phrase by stating:

" ' * * * [T]wo charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.' " 271 Or at 564 (quoting from *State v. Fitzgerald,* 267 Or 266, 273, 516 P2d 1280 (1973)).

The court went on to conclude, however, that the facts in *Boyd* made it impossible to use the *Fitzgerald* test. In *Boyd,* the defendant was charged with possession of amphetamines and with theft based upon the possession of a stolen television set. The court found that the possession of the separate items of property did not constitute relatable *events,* but rather a "single *condition* characterized by the manner in which the items [were] held by the accused." 271 Or at 570. The court further concluded that, because the fact of possession is a criminal act of a "continuing nature," there was no reason to fragment the criminal conduct into as many parts as there were different items of property. The two possessions were, therefore, part of a single criminal episode.

Here, defendant makes a similar argument. He contends that because the drug charge and the weapon

---

[2] There is no issue here with regard to proper venue or prosecutorial knowledge, the other two essential elements of subsection (2).

charge are based upon facts of possession at the same time, in the same automobile, and in the same general geographical location as the charge of reckless driving, the three charges are all a part of a single "condition," and so prosecution for one bars subsequent prosecution for another. Defendant cites *State v. Matischeck,* 20 Or App 332, 336, 531 P2d 737, *modified* 21 Or App 300, 535 P2d 102 (1975), in which this court held that DUIL and possession of drugs at the same time and place constituted a single "act or transaction." In so holding, we relied on our conclusion in *State v. Boyd,* 19 Or App 216, 222, 527 P2d 128 (1974), that the phrase "same act or transaction" did not mean exactly the same thing as "criminal episode." However, on review, *State v. Boyd, supra,* the Supreme Court held the two phrases to be synonymous. Our holding in *Matischeck* was effectively undermined by the Supreme Court's reasoning in *Boyd,* and it can no longer be considered reliable authority. In *Boyd* the court held that the possession of separate items of property constitutes a *single condition,* and *not separate events.*

■ In *State v. Oliver,* 26 Or App 331, 552 P2d 562 (1976), this court held that prosecution for illegal possession of an elk did not bar subsequent prosecution for theft of a steer, despite the fact that carcasses of the animals were discovered hanging side by side in the defendant's shed. We stated:

> " * * * The mere coincidence of hitting the elk shortly after stealing the steer does not mean that the theft was based on the same criminal episode as the subsequent illegal possession of the elk." 26 Or App at 334.

The circumstances in the present case are similar to those in *Oliver.* Here, defendant drove recklessly on a public highway. Shortly thereafter he was discovered to be in possession of illegal drugs and an automatic pistol. Defendant may have been in possession of the contraband articles at the same time that he drove recklessly, but we do not think *Boyd* requires that charges based on independent acts be joined with charges based on acts of illegal possession merely because they coincide in time. The act of reckless driving is a distinct event, wholly unrelated to the act of possession of a controlled substance or a concealed

weapon. We therefore conclude that, although the possession of a controlled substance and possession of a concealed weapon may constitute a single criminal episode for the purposes of double jeopardy, reckless driving, while in such possession, is not a part of that act or transaction.

■ We next consider defendant's contention that Article I, section 12, of the Oregon Constitution, prohibits prosecution of the possession charges. In *State v. Yock,* 49 Or App 749, 754-755, 621 P2d 592 (1980), *rev den* 290 Or 727 (1981), this court acknowledged uncertainty as to the correct test for purposes of deciding the constitutional question. In *State v. Brown,* 262 Or 442, 458, 497 P2d 1191 (1972), the Supreme Court seemed to say that the prohibitions against double jeopardy required joinder of certain charges. Following *Brown,* the legislature enacted ORS 131.515(2), requiring the kind of joinder discussed in that case. However, doubt has been cast on the suggestion in *Brown* that the joinder requirement is of constitutional origin. *See State v. Knowles,* 289 Or 813, 618 P2d 1245 (1980), particularly the specially concurring opinion of Tanzer, J., 289 Or at 825. If the holding in *Brown,* equating the prohibitions of ORS 131.515(2) and the constitution, is no longer valid, we are left, apparently, with the "same evidence" test, *i.e.,* if proof of one charge necessarily proves the other, then a prosecution of the second offense is barred, *State v. Yock, supra,* 49 Or App at 755; *State v. McDonald,* 231 Or 48, 365 P2d 494 (1961), *cert denied* 370 US 903 (1962), coupled, perhaps, with the inquiry whether the legislature intended the offenses to be separate. *State v. Knowles, supra,* specially concurring opinion, 289 Or at 838.

In the present case, none of the elements of reckless driving is necessary to the proof of the possession charges, and it seems clear that the offenses are intended to be separate. We conclude that defendant's constitutional guarantee against double jeopardy would not be abridged by a subsequent prosecution on the possession charges.

Reversed and remanded for trial.