Argued and submitted July 27, 1984, reversed January 9, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# ARTHUR LEE GARDNER, JR.,
*Appellant.*

(10-83-06378; CA A30408)

693 P2d 1303

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Roy Pulvers, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were David B. Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for being an ex-convict in possession of a concealable firearm, ORS 166.270, contending that the charge should have been dismissed on double jeopardy grounds. We reverse.

On July 31, 1983, defendant was arrested on the misdemeanor charge of pointing a firearm at another, ORS 166.190, and the felony charge of ex-convict in possession of a concealable firearm. The felony charge was based on then unconfirmed information that defendant had a 1977 Montana felony conviction. On reviewing the police reports early the next morning, the district attorney determined that the ex-convict in possession charge could not be filed without verifying the information from Montana; he therefore prepared a complaint on the misdemeanor charge. Several hours later, he was informed by the police that confirmation of defendant's felony conviction had been received from Montana. He then prepared an information on the ex-convict in possession charge and gave it to his secretary with instructions to file it and *not* to file the pointing a firearm at another misdemeanor complaint. The secretary properly filed the felony information but also filed the misdemeanor complaint.

On August 1, defendant appeared in district court on the misdemeanor complaint and on the felony information. On August 5, the grand jury indicted him in a two-count indictment charging pointing a firearm at another and being an ex-convict in possession of a concealable firearm; the district court felony information on the latter charge was then dismissed on the district attorney's motion. On August 10, defendant, represented by counsel, was arraigned on the indictment in circuit court and pled not guilty to both charges.

The charge of pointing a firearm at another was still pending in district court, with trial set for September 7. On September 2, defendant appeared in district court, with the same attorney who had represented him in the circuit court when he had pled not guilty to the indictment, pled guilty to the misdemeanor complaint and was convicted on his plea. The prosecutor who appeared for the state was unaware of the charges concurrently pending in circuit court and did not become aware of defendant's prior felony conviction until the sentencing portion of the proceeding.

On September 13, defendant moved to dismiss the two-count indictment in circuit court on the ground of double jeopardy. The trial court granted the motion as to the count charging pointing a firearm at another but denied it as to the ex-convict in possession of a concealable firearm count. On September 20, 1983, after a trial to the court on stipulated facts, defendant was found guilty on the ex-convict in possession charge. This appeal followed.

Defendant assigns error to the trial court's failure to dismiss the felony charge. He contends that his conviction on the pointing a firearm at another charge immunizes him from further prosecution for the ex-convict in possession offense, on the basis of statutory and constitutional prohibitions against twice putting a person in jeopardy. ORS 131.515; Or Const, Art 1, § 12.

The applicable statutory prohibition against multiple prosecutions of separate offenses is ORS 131.515(2):

"Except as provided in ORS 131.525 and 131.535:

"* * * * *

"(2)   No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Defendant's guilty plea that resulted in his conviction for the misdemeanor offense of pointing a firearm at another was a "prosecution." ORS 131.505(5)(a) (*amended by* Or Laws 1983, ch 509, § 1); *State v. Knowles,* 289 Or 813, 822, 618 P2d 1245 (1980). A statutory bar to a separate prosecution for the felony offense of ex-convict in possession · therefore exists if the prosecution reasonably should have known the facts relevant to that charge at the time of the commencement of prosecution for pointing a firearm at another, both arose out of the same transaction and venue for both was in a single court. *State v. Knowles, supra,* 289 Or at 817. Defendant argues that all the statutory criteria were satisfied and that, therefore, the latter felony prosecution was barred.

The state acknowledges that the prosecutor reasonably knew of the felony charge against defendant at the commencement of the misdemeanor prosecution and that

venue for both offenses was proper in a single court. It argues, however, that prosecution was not barred by ORS 131.515(2), because defendant implicitly waived his right to a double jeopardy defense, the two offenses are not based on the same act or transaction or the same criminal episode and, even if this court does not accept either of the first two arguments, a mechanical application of the statute would impermissibly contravene legislative intent.

Our first consideration is whether the two offenses are so related as to fall within the scope of ORS 131.515(2). The statute requires joinder if the offenses are "based upon the same criminal episode." "Criminal episode" is statutorily defined:

> " 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective." ORS 131.505(4).

In *State v. Boyd*, 271 Or 558, 533 P2d 795 (1975), the Supreme Court stated that the term "criminal episode" also is synonymous with the term "same act or transaction," as defined in *State v. Fitzgerald*, 267 Or 266, 516 P2d 1280 (1973), with respect to permissive joinder of charges under ORS 132.560(2).[1] It then approved a more expansive test, extracted from *Fitzgerald*, to be applied to compulsory joinder under ORS 131.515(2):

> "In deciding whether multiple charges should be joined, the prosecutor and the trial judge may start, then, with the initial guideline that if a complete account of one charge necessarily includes details of the other charge, the charges must be joined to avoid a later double jeopardy defense to further prosecution. We construe this test of interrelated events as necessitating joinder only where the facts of *each* charge can be explained adequately only by drawing upon the facts of the other charge. Stated differently, the charge must be cross-related." (Emphasis in original; footnote omitted.)

---

[1] ORS 132.560(2) provides:

"When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

The *Boyd* court observed, however, that that test, based as it is on a hypothesis that the defendant has engaged in acts constituting discrete events relatable on a continuum of time, is not broad enough to cover all situations where double jeopardy principles would require joinder. 271 Or at 566 n 5. It found the test inapplicable to the case before it, which involved charges of possession of two different types of contraband—a stolen television set and illegal drugs—but concluded that the possession of the contraband existing at the same time and place necessarily constituted a single condition and therefore a single occurrence for purposes of double jeopardy. 271 Or at 570.

The case before us here involves neither two discrete events nor simultaneous possession of separate items of contraband. In that sense, the rules stated in *Boyd* are inapplicable. We have, however, found the *Boyd* rationale applicable in other circumstances when the charges involved both active criminal conduct and acts of passive criminal possession. In *State v. Oliver,* 26 Or App 331, 552 P2d 562 (1976), we considered the *Boyd* test where the carcasses of an elk and a steer had been discovered hanging side by side in the defendant's shed. The defendant had accidentally struck the elk while driving down the highway after deliberately shooting and stealing the steer. We held that prosecution for illegal possession of an elk did not bar subsequent prosecution for theft of the steer, because "the mere coincidence of hitting the elk shortly after stealing the steer does not mean the theft was based on the same criminal episode as the subsequent illegal possession of the elk." 26 Or App at 334. In *State v. Pacquin,* 55 Or App 676, 639 P2d 694, *rev den* 292 Or 863 (1982), we concluded that *Boyd* did not require charges of reckless driving to be joined with charges of possession of a controlled substance or a concealed weapon merely because the acts of driving and possession coincided in time. Our reasoning was that the act of reckless driving was a distinct event, unrelated to the possession of the contraband items, and therefore was not part of that act or transaction.

In both *State v. Oliver, supra,* and *State v. Pacquin, supra,* it was apparent that a complete account of one charge would not necessitate relating any details of the other. Here, however, the opposite is true. Defendant initially was charged and convicted of the offense of pointing a firearm at another.

To point the firearm, defendant necessarily had to possess it. Possession of that firearm forms the foundation for the charge of ex-convict in possession on which defendant was subsequently prosecuted. Both charges arose contemporaneously from a single incident of domestic disturbance. Although the stipulated facts on which defendant was convicted of the latter charge were greatly abbreviated,[2] we conclude that the charges nonetheless are " 'so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge.' " *State v. Boyd, supra,* 271 Or at 564, quoting *State v. Fitzgerald, supra,* 267 Or at 273. We hold that, under these circumstances, the possession of the gun and the pointing of the gun are so inextricably interrelated that joinder is required under ORS 131.515(2).[3]

We turn then to the question of whether defendant waived his right to assert double jeopardy. In *State v. Boyd, supra,* 271 Or at 568-69, the court also established the procedure for potential joinder situations:

"Hereafter, whenever the prosecutor becomes aware of multiple charges facing a single defendant, he must make an initial determination of whether the charges are unitary, that is whether they grew out of a single act or transaction. Unless the prosecutor is absolutely certain that presenting the facts underlying each charge will not necessitate reference to the facts underlying another, the prosecutor should move for joinder of the charges for trial. The defendant may oppose, acquiesce in, or join in this motion or, if the charges were initially brought together, move for severance. The defendant will thus be forced to make a choice as to joinder or severance which, in the vast majority of cases, should be accepted. Any

[2] Defendant's conviction was based on the following evidence:

"[Prosecutor]: Our evidence would show, your Honor, the Defendant was convicted of the felony of theft in Montana in 1977. On July 30th, 1983, the police were called to a domestic disturbance at the Defendant's residence and, in the course of investigating that incident, came across a firearm that was in a truck that the Defendant was standing near. The Defendant admitted that the gun was his; that he had it for about a year; and that he, in fact, had been convicted previously, of the felony of theft. Those events, all occurred in Lane County."

[3] Because of our disposition of this issue on statutory grounds, we do not reach defendant's constitutional claim. *But see State v. Brown,* 262 Or 442, 497 P2d 1191 (1972) (Or Const, Art 1, § 12, requires joinder of offenses of carrying a concealed weapon and ex-convict in possession of a concealable firearm based on single act of carrying a concealed pistol).

objections the defendant might make to the prosecutor's choice would thereafter be waived."

■ The state's argument is that it did join the charges against defendant in the two-count indictment, that defendant and his attorney were fully aware of the joined charges, because defendant was arraigned on that indictment in circuit court some three weeks before he pled guilty to the misdemeanor charge in district court and that defendant's guilty plea on the misdemeanor charge should be viewed as a motion for severance of that charge and a consequent waiver of the right to a single trial. Under the rule established in *Boyd,* however, "the failure to join [interrelated multiple charges] in the *first* proceeding is inexcusable, and therefore a subsequent attempt by the state to prosecute would constitute undue harassment." 271 Or at 567. (Emphasis supplied.) That rule clearly puts the burden of initial joinder on the state. Although it may be that in this case defendant purposely manipulated the system to his own advantage, the opportunity to do so was created by the state's own negligence. Although we do not approve a "gamesmanship" approach to criminal law, we are not inclined under these circumstances to rectify the state's error by holding that defendant's tactical maneuver constituted a waiver of his right to a double jeopardy defense.[4] *Cf. State v. Flaherty,* 33 Or App 251, 576 P2d 31, *rev den* 283 Or 235 (1978) (defendant's statements in

---

[4] We express no opinion as to whether failure of counsel to make full disclosure of the facts to the trial court constitutes a violation of the Rules of Professional Conduct. We note that amendments to the statutory scheme, effective October 15, 1983, may preclude a "race to the courthouse" to establish a double jeopardy defense by a guilty plea to a related offense. ORS 131.505(5)(a) now states:

"(5) A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty, *except as provided in ORS 131.525(2)* * * *." (Emphasis supplied.)

The "exception" provided in ORS 131.525(2) reads:

"A plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, notwithstanding ORS 135.365, shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution. The provisions of ORS 135.445 apply to such a vacated plea or resulting judgment and any statements made in relation to those proceedings."

conjunction with guilty plea to one of two counts of criminal activity in drugs that he wanted to plead guilty to less serious charge and require state to prove the other charge constituted an express waiver of any claim of double jeopardy).

The state's final argument is that allowing a double jeopardy defense under the unique facts of this case would contravene legislative intent, because "[ORS 131.515(2)] is an independent method of preventing prosecutorial harassment of a defendant who has committed multiple offenses in a single criminal episode," *State v. Knowles, supra,* 289 Or at 821, and there are no indicia of harassment here. We reject that argument. The policy underlying the statute is that there should not be unnecessary separate trials stemming from conduct which constitutes more than one offense, and that policy is to be effectuated by a rule of compulsory joinder. The sanction for failure to accomplish joinder is statutory prohibition of subsequent prosecutions. *State v. Knowles, supra,* 289 Or at 821. We decline to construe the statute to require an examination of prosecutorial motive before that sanction may be applied.

Reversed.