Argued and submitted June 27, reversed September 12, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# LOUISE LOGENE DANE,
*Appellant.*

(10-88-06730; CA A61109)

797 P2d 1069

J. Marvin Kuhn, Chief Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Edmonds, Presiding Judge, and Riggs and Newman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals from a conviction for criminal mischief in the first degree. ORS 164.365. She assigns as error the trial court's denial of her motion to dismiss the indictment on the ground of former jeopardy. ORS 135.470. We reverse.

On February 11, 1988, a grand jury issued an indictment charging defendant with criminal mischief. ORS 164.345 *et seq.* The indictment erroneously alleged that the crime occurred on or about May 6, 1987. On April 8, defendant was arraigned and pled not guilty. On August 15, the grand jury issued a second indictment regarding the same conduct, charging defendant with criminal mischief in the first degree allegedly committed on or about January 26, 1987. ORS 164.365. The state did not dismiss the first indictment.

On August 22, the district attorney's office informed defendant's attorney of the new indictment. Two days later, at a hearing where a prosecutor was present and made no objection, defendant changed her plea to guilty to the first indictment.[1] Sentencing was set for August 29. On August 29, defendant was arraigned on the second indictment and pled not guilty. Later that same day, at the sentencing hearing on the first indictment, the court granted the state's motion, over defendant's objection, to postpone sentencing indefinitely

---

[1] Although the indictment alleged conduct that, if proven, would constitute criminal mischief in the second degree and cited the statute describing that crime, it listed criminal mischief in the first degree, a Class C felony, as the crime with which defendant was charged. At the hearing at which defendant changed her plea to guilty, the trial court, before accepting the plea, read the indictment to defendant:

"COURT:  * * * [H]ow do you wish to plead, guilty or not guilty?

"DEFENDANT: Guilty.

"COURT: Is it true that, on or about May 1, 1987, in Lane County, you recklessly damaged car windows and windshield, property owned by Loretta J. Zielinsky in an amount exceeding $100 with no right to do so nor reasonable grounds to believe you had that right?

"DEFENDANT: Yes.

"COURT: A guilty plea will be entered."

By pleading guilty, defendant admitted conduct that constituted criminal mischief in the second degree, a Class A misdemeanor. However, the court had told defendant earlier in the hearing that she was charged with criminal mischief in the first degree and had advised her as to the penalty for that crime. Because the issue of whether she pled guilty to felony or misdemeanor criminal mischief is not before us on this appeal, we do not decide it.

because of the pendency of the second indictment. On September 6, defendant filed a motion to dismiss the second indictment on the ground of former jeopardy. The court denied the motion, and defendant was subsequently convicted. She appeals that conviction.

■ Citing ORS 131.515(1), defendant argues that her conviction was barred by her guilty plea to the first indictment. ORS 131.515 provides:

"(1) No person shall be prosecuted twice for the same offense.[2]

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court.

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the judgment of conviction is subsequently reversed or set aside."

In response, the state argues that, "objective reality notwithstanding," the two indictments allege criminal conduct occurring in May, 1987, and in January, 1987, and, therefore, do not charge the same offense. However, it concedes that the stipulated facts in this case show that the two prosecutions were for the same offense, which occurred in January, 1987. Contrary to the state's suggestion, we will not ignore the "objective reality" of the situation and say that the two prosecutions were for different offenses, when, in fact,

---

[2] Similarly, Article I, section 12, provides:

"No person shall be put in jeopardy twice for the same offence [sic] * * *."

ORS 131.515(1) is a statutory restatement of this provision. *State v. Nguyen,* 95 Or App 653, 656, 771 P2d 279, *rev den* 308 Or 142 (1989). Although defendant relies on both sources in support of her argument that her conviction was barred, she does not contend that the constitutional analysis is different from the statutory analysis. *See State v. Blair,* 75 Or App 12, 16, 705 P2d 752, *rev den* 300 Or 180 (1985). In any event, because we can and do dispose of this case on statutory grounds, we do not reach the constitutional issue. *See State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983).

they were not. We hold that the prosecutions were for the same offense.

■ The state also argues that "defendant has waived her right to assert statutory jeopardy by failing to avail herself of the provisions of ORS 131.525(2)."[3] However, ORS 131.525(2) is only applicable to subsequent prosecutions for different offenses based on the same criminal episode. The prosecutions here were for the same offense. ORS 131.525(2) is inapplicable.

■ Finally, the state argues that defendant's objection to the state's motion to postpone sentencing in the first action "constituted a waiver of her right to assert jeopardy as a bar * * *." Relying on *State v. Boyd,* 271 Or 558, 568-69, 533 P2d 795 (1975), it reasons that its motion was the "functional equivalent of a motion to consolidate" and that, "[w]hen defendant resisted that motion, she elected to sever the charges and should not now be permitted to assert jeopardy * * *." We do not agree. The purpose of a *Boyd* motion is to require a defendant to make an election as to whether the defendant objects to the joinder of multiple charges arising out of the same criminal episode. Here, there could be no election to consolidate separate charges for trial, because both indictments charged defendant with the same offense.

In *State v. Gardner,* 71 Or App 590, 693 P2d 1303 (1985), we rejected the state's argument that, because the defendant was aware of pending circuit court charges before he pled guilty to a misdemeanor charge, his guilty plea was the equivalent of a motion for severance of the charges and a waiver of the right to a single trial. We held:

"Although it may be that in this case defendant purposely manipulated the system to his own advantage, the opportunity to do so was created by the state's own negligence. Although we do not approve a 'gamesmanship' approach to

---

[3] ORS 131.525(2) provides:

"A plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, notwithstanding ORS 135.365, shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution. The provisions of ORS 135.445 apply to such a vacated plea or resulting judgment and any statements made in relation to those proceedings."

criminal law, we are not inclined to rectify the state's error by holding that defendant's tactical maneuver constituted a waiver of his right to a double jeopardy defense." 71 Or App at 597.

The state argues that *Gardner* is distinguishable because, here, defendant made a misrepresentation to the court when she answered in the affirmative after the court read the indictment to her and asked if the allegations were true. However, the opportunity for defendant purportedly to manipulate the system by pleading guilty to the first indictment was created by the state's own negligence and failure to object or dismiss the first indictment when confronted with defendant's proposed change of plea. Moreover, in the absence of a motion to dismiss the first indictment, defendant was faced with being convicted twice for the same offense. Under these circumstances, what we said in *Gardner* applies here. The trial court erred in denying defendant's motion to dismiss the second indictment.[4]

Reversed.

---

[4] As in *Gardner,* we express no opinion as to whether failure of trial counsel to make full disclosure of the facts to the trial court constitutes a violation of the Rules of Professional Conduct.