Argued and submitted February 26, affirmed April 22, 1998

# STATE OF OREGON,
*Respondent,*

*v.*

# LANCE SCOTT TALBERT,
*Appellant.*

(C960270CR; CA A96180)

958 P2d 902

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Riggs* and Wollheim,** Judges.

WOLLHEIM, J.

---

* Riggs, J., *vice* Warren, J.

** Wollheim, J., *vice* Haselton, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction for failure to perform the duties of a driver to injured persons, ORS 811.705,[1] on the ground of double jeopardy because he formerly had pleaded guilty to failure to perform the duties of a driver when property is damaged, ORS 811.700(1)(a).[2] We review the trial court's decision as a matter of law, ORS 138.220, and affirm.

The facts are undisputed. On November 3, 1995, defendant was driving northbound on Highway 217 and collided with two other northbound cars. Both cars were damaged, and one of the drivers, Taylor, was injured. Defendant drove away from the scene of the accident without offering

---

[1] ORS 811.705 provides, in part:

"(1) A person commits the offense of failure to perform the duties of a driver to injured persons if the person is the driver of any vehicle involved in an accident that results in injury or death to any person and does not do all of the following:

"(a) Immediately stop the vehicle[.]

"(b) Remain at the scene of the accident until the driver has fulfilled all of the requirements under this subsection.

"(c) Give to the other driver * * * the name and address of the driver and the registration number of the vehicle that the driver is driving * * *.

"(d) Upon request and if available, exhibit and give to the persons injured * * * the number of any document issued as official evidence of a grant of driving privileges.

"(e) Render to any person injured in the accident reasonable assistance[.]"

[2] ORS 811.700 provide, in part:

"(1) A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"(a) If the person is the driver of any vehicle involved in an accident that results only in damage to a vehicle that is driven or attended by any other person the person must perform all of the following duties:

"(A) Immediately stop the vehicle at the scene of the accident[.]

"(B) Remain at the scene of the accident until the driver has fulfilled all of the requirements under this paragraph.

"(C) Give to the other driver or passenger the name and address of the driver and the registration number of the vehicle that the driver is driving[.]

"(D) Upon request and if available, exhibit and give to the occupant of * * * any vehicle damaged the number of any documents issued as evidence of driving privileges granted to the driver."

assistance to the other drivers or leaving his name. Subsequently, defendant was charged with failure to perform the duties of a driver when property is damaged, which is a misdemeanor (misdemeanor hit and run), and with criminal mischief in the second degree. At the arraignment on February 28, 1996, defendant pleaded guilty to misdemeanor hit and run, and the state dismissed the criminal mischief in the second-degree charge. On that same day, the state filed a four-count indictment against defendant for failure to perform the duties of a driver to injured persons, which is a felony (felony hit and run), assault in the fourth degree, and two counts of criminal mischief in the second degree.

At the plea hearing on May 2, 1996, defendant pleaded not guilty to the felony hit and run charge and filed a motion to dismiss that charge on the grounds of double jeopardy. A hearing on the motion was held on September 30, and the trial court denied defendant's motion:

> "I agree with [the prosecutor] that the statute says what it says, but it's only constitutional if that other conviction goes away, frankly. There can't be two convictions for the same set of facts without there being a U.S. and State of Oregon constitutional problem with that. * * * I'll permit you to proceed on the felony and follow through on this conviction, but not if he's going to have a misdemeanor conviction on his record. * * * I'm going to deny the motion for double jeopardy purposes as to the felony hit and run. Apparently it is permissible under [ORS 131.525(2)], even though I have some doubts about that statute, but it's obviously there and it's been there for a while."

Defendant then was convicted in a stipulated facts trial to the court on October 10, 1996, of the felony hit and run, assault in the fourth degree, and criminal mischief in the second degree. The second charge for criminal mischief in the second degree—count 3 of the indictment—was dismissed.

On appeal, defendant contends that the trial court erred when it denied his motion to dismiss the felony hit and run charge because under ORS 131.515 and Article I, section 12, of the Oregon Constitution, that charge is the same offense as the misdemeanor hit and run charge to which defendant pleaded guilty. The state responds that the felony

prosecution is not barred by defendant's guilty plea to the misdemeanor charge because they are not the same offense and because defendant had the opportunity to vacate his guilty plea to the misdemeanor charge. The state further contends that defendant's constitutional argument was not preserved below.[3] We address defendant's statutory arguments first. *State v. Guzek*, 322 Or 245, 250, 906 P2d 272 (1995).

Defendant first argues that the prosecution for the felony hit and run charge is barred by ORS 131.515(1), which provides that "[n]o person shall be prosecuted twice for the same offense." Defendant argues that the misdemeanor offense, which refers to damage to property, ORS 811.700(1)(a), is the "same offense" as the felony charge, which refers to injury to a person, ORS 811.705. The only cases defendant cites for the proposition that leaving the scene of an accident after damaging property is the same offense as leaving the scene of an accident after injuring a person are *State v. Gardner*, 71 Or App 590, 693 P2d 1303 (1985), and *State v. Dane*, 103 Or App 420, 797 P2d 1069 (1990).

Defendant's reliance on *Gardner* is misplaced. In that case, we held that ORS 131.515(2) prohibited the state from prosecuting the defendant for the felony of being an exconvict in possession of a firearm after the defendant already had pleaded guilty to the misdemeanor of pointing a firearm at another. *Gardner*, 71 Or App at 597-98. In holding that the state was required to join the two offenses, we relied on ORS 131.515(2)—that the offenses were based on the same "criminal episode"—and did not hold that they were the "same offense" for purposes of ORS 131.515(1). *Id.* at 596. Defendant's reliance on *Dane* similarly is misplaced. In that case, due to an error on one of the indictments, the defendant was charged with first-degree criminal mischief after she already had pleaded guilty to first-degree criminal mischief for the same act. *Dane*, 103 Or App at 422 n 1, 433.

[3] Ballot Measure 40 does not apply to this case. *See State v. Nielsen*, 147 Or App 294, 296, 936 P2d 374, *rev den* 326 Or 68 (1997) (we do not address Ballot Measure 40 issues until the question of its constitutionality has been resolved by the Supreme Court). The state does not argue that Senate Bill 936 would affect the outcome of this case.

■ Defendant acknowledges that neither misdemeanor hit and run nor felony hit and run is a lesser included offense of the other and further acknowledges that the trial court properly could have entered convictions for both offenses in the same proceeding. We conclude, therefore, that the two offenses are not the same offense for purposes of ORS 131.515(1).

■ Secondly, defendant argues that the prosecution for the felony hit and run charge is barred by ORS 131.515(2), which provides:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Under ORS 131.515(2), a subsequent prosecution is barred only if (1) the separate prosecutions are for two or more offenses based on the same criminal episode; (2) the offenses are known to the appropriate prosecutor at the commencement of the first prosecution; and (3) proper venue is in a single court. *State v. Delker*, 123 Or App 129, 132, 858 P2d 1345 (1993), *rev den* 318 Or 326 (1994); *State v. Crumal*, 62 Or App 156, 159, 659 P2d 977 (1983). The state does not argue that the two offenses do not meet those criteria; rather, it argues that defendant waived his statutory double jeopardy claim when he failed to avail himself of the opportunity to vacate his guilty plea as provided by ORS 131.525(2). That statute provides, in part:

> "A plea of guilty or resulting judgment is not a bar under ORS 131.515(2) to a subsequent prosecution under an accusatory instrument which is filed no later than 30 days after entry of the guilty plea. The defendant's prior plea of guilty or resulting judgment, notwithstanding ORS 135.365, shall be vacated upon motion by the defendant if made within 30 days after defendant's arraignment for the subsequent prosecution."

Defendant had the opportunity to vacate his guilty plea to the misdemeanor hit and run charge and failed to do so. Therefore, his statutory double jeopardy challenge fails. *State v. Ellison*, 301 Or 676, 679, 725 P2d 363 (1986); *State v.*

*Wilson*, 115 Or App 217, 221, 836 P2d 1380 (1992); *cf. Gardner*, 71 Or App at 597 n 4 (decided before the effective date of ORS 131.525(2)).

■        We now turn to defendant's contention that the felony hit and run prosecution violates the double jeopardy protection provided by Article I, section 12, of the Oregon Constitution.[4] We agree with the state that defendant did not preserve this issue below. Defendant cited Article I, section 12, in his memorandum to the trial court but cited no Article I, section 12, cases. All of defendant's arguments, both in his trial memorandum and in his oral argument to the trial court, concerned ORS 131.515. Merely citing Article I, section 12, is not sufficient to preserve that issue. *State v. Pope*, 150 Or App 457, 463, 946 P2d 1157 (1997); *State v. Riggs*, 143 Or App 427, 430-31, 923 P2d 683 (1996), *rev den* 325 Or 247 (1997).

Affirmed.

---

[4] Article I, section 12, of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence (*sic*), nor be compelled in any criminal prosecution to testify against himself."