Argued April 4, affirmed October 12, petition for rehearing
denied November 15, 1966

# STATE OF OREGON *v.* MARTIN RENE FRAZIER

418 P. 2d 841

*James O. Goodwin,* Oregon City, argued the cause for appellant. With him on the briefs was John C. Anicker, Jr., Oregon City.

*Roger N. Rook,* District Attorney, Oregon City, argued the cause for respondent. With him on the brief were James R. Carskadon, Jr., and Jack F. Olsen, Deputy District Attorneys, Oregon City.

Before McALLISTER, Chief Justice, and PERRY,

SLOAN, DENECKE, HOLMAN, LUSK and SCHWAB,* Justices.

PERRY, J.

The defendant was convicted of murder in the second degree and appeals.

The defendant, on active duty with the United States Marine Corps in California, was called to Portland, Oregon, by the death of his mother. He arrived in Portland on September 17, 1965, and stayed at the home of an aunt where he shared a room with her son Jerry Rawls, who was also involved in the homicide. On the morning of September 22, 1964, the body of one Russell Marleau was discovered and the cause of death determined to be manual strangulation. The defendant was arrested September 24th at approximately 4:00 p.m., and has remained in police custody since that time. Rawls was arrested later that same day. The officers who arrested Rawls were admitted to the home of the aunt and were permitted by the aunt and Rawls to search for Rawls' clothing. They took into their possession a blue bag and its contents. Rawls entered a plea of guilty to murder in the second degree.

The defendant's first assignment of error is directed to the trial court's failure to sustain his motion to suppress as evidence the contents of the blue zipper travel bag seized by the police and subsequently admitted as evidence.

■ The facts disclose that subsequent to the detention of the defendant police officers arrested Jerry Rawls. Rawls consented to a search of the room he and the defendant were sharing. The officers seized the

---

* Schwab, J., did not participate in the decision of this case.

bag and its contents. No search warrant was ever obtained. A police officer testified:

> "I asked Jerry Rawls if we could have his clothing and he said 'yes.' I asked him where it was and he said it was in a blue bag in his bedroom. * * *"

The bag, which was divided into three compartments, was opened and there was found therein clothing of Rawls and clothing and other property belonging to the defendant. The officer testified that the clothing of both Rawls and the defendant had stains thereon that appeared to be blood. These facts are uncontradicted. This being a murder case, the appearance of blood on the clothing would constitute reasonable cause to believe that the clothing was substantial evidence of the commission of the crime.

The defendant does not contend that the police search of the home and room was unreasonable, but does contend that the search of the bag and the seizure of its contents violated Art. I, Section 9 of the Oregon Constitution and the Fourth Amendment to the Constitution of the United States.

■ The courts in recent years in considering the question of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States, and constitutional requirements such as ours, have generally held that a consent to search the property of another must be granted by one who has the express or implied authority to permit the search. *People v. Cruz,* 61 Cal2d 861, 40 Cal Rptr 841, 395 P2d 889; *Holzhey v. United States,* 223 F2d 823 (5th Cir 1955); *United States v. Blok,* 188 F2d 1019 (DC Cir 1951).

■ The facts of this search and seizure do not fall within the ambit of these cases. The search was made

with the consent of Jerry Rawls. This was not a general hunt for evidence of any kind; the bag was opened for the specific purpose of obtaining the clothing of Rawls and with his permission. Having opened the bag for the proper purpose of removing Rawl's clothing, the police were authorized to seize other evidence related to the crime found in the bag.

While it is true that at the time of Rawls arrest the defendant was a definite suspect and in detention, there is nothing in the record to disclose that the officers knew that the bag itself might be the property of anyone other than Rawls until the bag was opened and its contents noted.

■ In this case, the officer acted with the consent of Rawls, who, so far as the record discloses, was authorized to use the bag for the storage of his clothing. Only unreasonable searches and seizures come within the interdict of the Fourth Amendment, and what is reasonable depends upon the facts and circumstances of each case. *Harris v. United States,* 331 US 145, 67 S Ct 1098, 91 L ed 1399.

■ When, as in this case, the officers acted on the authority of the apparent owner and established user of the bag, it cannot be concluded that the constitutional rights of the defendant against unreasonable search and seizure were invaded simply upon the ground that it later appears that the defendant was the owner of the bag and some of the clothing therein. *Rees v. Peyton,* 341 F2d 859 (4th Cir 1965).

The defendant also assigns as prejudicial error a portion of the district attorney's opening statement. It appears from the record that the district attorney at the time of making his opening statement held in his hand a paper and stated that the state would call

the codefendant Rawls and the extent of Rawls' expected testimony.

The defendant moved for a mistrial on the basis that the district attorney was reading from a confession given by Rawls which would be inadmissible against the defendant and this improper means was used to get Rawls' statement before the jury.

■ Prior to the commencement of this trial, Rawls had entered a plea of guilty to the crime of murder in the second degree and was competent as a witness for the state. *Anderson ex rel Poe v. Gladden,* 205 Or 538, 288 P2d 823; *State v. Savage,* 36 Or 191, 216, 60 P 610; *State v. Magone,* 32 Or 206, 51 P 452.

■ Rawls was called as a witness by the state, but refused to testify on the basis of self incrimination. Since Rawls was a competent witness, the state could reasonably expect him to testify in line with his previous statements. The mere fact that he refused to testify on grounds not tenable fails to disclose any error when the state could lawfully expect that his testimony would be or could be required.

The defendant also assigns as error the trial court's admission into evidence of a confession obtained by police interrogation while defendant was in custody.

■ However, it is unnecessary to consider the effectiveness of the police warning since the defendant could hardly claim prejudicial error in the face of the record. The defendant was ably represented by counsel. He took the witness stand and stated that the statements in his written confession were all true except as to one minor detail. He thus waived the constitutional right he is now claiming. *State v. Unsworth,* 240 Or 453, 402 P2d 507; *State v. Dotson,* 239 Or 140, 396 P2d 777.

The judgment is affirmed.