Argued December 3, 1971, affirmed January 6, 1972

# STATE OF OREGON, *Respondent, v.* STEPHEN RAY WILLIAMS (No. 919), *Appellant.*

492 P2d 513

*F. E. Glenn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*William R. Kirby,* District Attorney, Enterprise, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Defendant was convicted by jury trial of assault with a dangerous weapon in violation of ORS 163.250. He appeals contending that the court erred (1) in receiving his oral admission of guilt to the sheriff, because he was not advised prior to being questioned of his right to have free court-appointed counsel, if indigent; and (2) in allowing the jury to consider his testimony given at an earlier trial of one of his companions involving the same shooting incident.

The charges against defendant resulted from a running altercation between two groups of youths, one from Wallowa County which included defendant, and the other from La Grande, which included the wounded boy, David Trice.

The altercation started in the early evening with a clash between the two groups in La Grande. This was followed by a high-speed automobile chase back to Wallowa County with the La Grande youths in pursuit. The chase ended with a final encounter in front of the family home of defendant, where defendant is alleged to have fired a series of rifle shots at the car from La Grande in which the wounded Trice was a passenger.

One of defendant's companions, Bob Simpson, was also charged in the shooting incident. Simpson was brought to trial first. Defendant chose to testify for the defense at Simpson's trial.

The sheriff learned of the incident shortly after it occurred, and went to the Enterprise hospital where Trice was receiving treatment. Hamblen, the driver of the La Grande car, was there and went with the sheriff to the defendant's home. The sheriff woke defendant and his companion and talked to them briefly about Trice's injuries. About two hours later the sheriff returned and, in the presence of defendant's father, talked to defendant again about the events of the previous evening. The sheriff testified that before taking defendant's statement he advised defendant of his right to remain silent, the right to have an attorney present at questioning and that anything he said could be used against him. He could not recall for sure that he had read the warning from a card. The sheriff testified over objection that the defendant told him that he, the defendant, had shot at the vehicle driven by Hamblen.

■ As to defendant's first assignment, an examination of the record shows that defendant's counsel objected to the testimony of defendant's oral admission of guilt, not on the ground set forth in the assignment, i.e., failure to advise of his right to have free court-appointed counsel, if indigent, but on the ground

> "* * * that a seventeen-year-old boy, at this hour of the night and under these circumstances, could not intelligently waive his rights and, therefore, we would object to any statement made to the sheriff on this basis. We feel because of his age and because of the circumstances that had preceded it, state of mind, being awakened from sleep, what-

not, we don't feel that the intelligent waiver, if one was in fact given, could be made."

Since the error assigned was not therefore raised and preserved in the trial court, there is nothing properly before us to review on appeal. *U. S. National Bank v. Lloyd's,* 239 Or 298, 325-26, 382 P2d 851, 396 P2d 765 (1964); *State v. Jorgensen,* 8 Or App 1, 492 P2d 312 (1971); *State v. Charles,* 3 Or App 172, 175-76, 469 P2d 792, Sup Ct *review denied* (1970).

■ But even conceding for purposes of argument that it was error to admit over defendant's objection the inculpatory statement given by him to the sheriff, the error was rendered harmless when defendant later took the stand in Simpson's trial and recounted the entire incident in great detail from the witness chair. *State v. Freeman,* 232 Or 267, 279, 374 P2d 453 (1962).

In his second assignment defendant contends that the trial court erred in allowing the jury to hear and consider his testimony given at the earlier trial of Bob Simpson.

Before defendant took the stand in the earlier trial, he was advised by his retained counsel, who also was representing his companion: "* * * 'If Bob gets off—If Bob is acquitted, that gives you a lot better chance.' " In addition, the record shows that defendant was advised by the trial judge that he need not testify; that Simpson could not compel him to testify; and that he need only indicate his desire to remain silent and he would not be questioned as a witness. In addition he was asked by the court if he desired advice from another attorney. He replied that he did not.

During his testimony at Simpson's trial, defendant stated that he was testifying freely and volun-

tarily. He admitted firing at the tires of Hamblen's vehicle, stating he did not intend to aim at the car or its occupants. He maintained that he was firing the weapon in self-defense.

In defendant's own trial the portion of his prior testimony received included his statement that Simpson did not fire shots at the La Grande car but that he, the defendant, fired the shots at the car.

The evidence suggests that defendant and his original counsel for reasons of trial strategy decided that defendant should take the stand in the Simpson trial and give his version of the shooting incident in the hope of improving his own chances of acquittal. Simpson was, in fact, acquitted. Thereafter, at defendant's own trial, the jury refused to accept defendant's self-defense theory. Defendant now contends that the trial judge erred in allowing the state to offer the product of defendant's chosen strategy in the Simpson trial.

■ The record amply shows that when defendant offered himself as a witness in the earlier trial when represented by retained counsel, the trial judge fully advised defendant of his rights as to self-incrimination. Defendant's testimony was given voluntarily and knowingly. The trial judge did not err in allowing the jury to hear and consider his testimony given at the prior trial of Bob Simpson. *State v. Kelley,* 118 Or 397, 247 P 146 (1926). Cases cited by defendant where police officers made certain inducements to obtain confessions are not in point.

Affirmed.