Argued and submitted January 8, decision of the Court of Appeals and judgment of the juvenile court affirmed March 6, 1997

In the Matter of Leroy Russell Cook,
aka Rusty Butler, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LINCOLN COUNTY,
*Respondent on Review,*

*v.*

Leroy Russell COOK,
aka Rusty Butler,
*Petitioner on Review.*

(CC 93-5791; CA A84920; SC S43144)

932 P2d 547

Jenny Cooke, Portland, argued the cause and filed the petition for petitioner on review.

David E. Leith, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the

brief were Theodore Kulongoski, Attorney General, and Virginia Linder, Solicitor General.

Angela Sherbo, Julie H. McFarlane, and Lynn M. Travis, Portland, filed a brief on behalf of *amicus curiae* Juvenile Rights Project, Inc.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

GILLETTE, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

This is a juvenile court proceeding in which child was found to be within the jurisdiction of the court by virtue of having committed acts that, if committed by an adult, would constitute murder, felony murder, criminal conspiracy, robbery in the first degree, unauthorized use of a motor car, and theft in the first degree. ORS 163.115(1)(a); ORS 163.115(b)(G); ORS 161.450; ORS 164.415; ORS 164.135; ORS 164.055. Child appealed that determination to the Court of Appeals, arguing only certain legal issues surrounding an inculpatory statement that child had made to police. Foremost among those issues was the question whether, when a child is in custody, a parent of the child may invoke the child's right to remain silent after the child has waived that right.[1] The Court of Appeals held, *inter alia*, that the parent could not invoke the child's right to remain silent under those circumstances. *State ex rel Juv. Dept. v. Cook*, 138 Or App 401, 407-08, 909 P2d 202 (1996). We affirm the decision of the Court of Appeals, but on other grounds.

The juvenile court petition alleged that child had participated with others in the murder of a man named Rocky Marrs on December 24, 1993. Child became a suspect in the case. We take the pertinent facts (which child does not challenge) from the opinion of the Court of Appeals:

> "On the evening of December 27, 1993, child was brought to the Lincoln County Sheriff's Office for questioning regarding the murder of Marrs. Child was transported to the sheriff's office in the front seat of an unmarked patrol car by Detective Steele, who was dressed in plain clothes. Upon arrival at the sheriff's office, Steele brought child upstairs to his office. Steele advised child of his *Miranda* [*v. Arizona*, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966)] rights and asked child if he understood those rights. Child indicated that he did. Steele then proceeded to question child regarding his whereabouts on the day that the murder occurred. Child initially denied any involvement with the

---

[1] The Court of Appeals has authority to review determinations of the juvenile court *de novo* on the record. ORS 419A.200(5). However, the court in this case confined itself to deciding the legal question brought to it by child's appeal. *Cook*, 138 Or App at 403.

murder, claiming that he had gone to Salem and had returned home later that same day. After further questioning, however, child admitted that he had witnessed the murder and told Steele that another suspect, Mohr, was responsible for the shooting. Child denied any further knowledge about the circumstances surrounding the murder until Steele told child that he could face the death penalty. Child then admitted that he knew [that] Mohr was going to shoot the victim and that he, Mohr and at least two other juveniles had planned the crime in advance, in order to steal the victim's truck. On the following day, December 28, child reenacted the crime on videotape.

"[The state petitioned to have the child declared a ward of the court.] * * * Child moved to suppress all of the statements he had made during interrogation and the videotaped reenactment of the crime on the ground that they were involuntary and obtained in the absence of a valid waiver of his *Miranda* rights. Child further argued that the questioning should have ceased when his mother [came to the police station during the time that child was being interrogated and] told police that she wanted child to have an attorney. The juvenile court ruled that child's waiver of his constitutional rights was valid and that his statements were voluntary up until the point in the interview that Steele told child that he could be subject to the death penalty. Statements made after that point and the videotaped reenactment were suppressed. The court also rejected child's argument that his mother had effectively invoked child's right to counsel."

*Id.* at 403-04 (footnote omitted).

Child argued to the Court of Appeals, and now argues to this court, that the officers should have honored his mother's effort to invoke his right to counsel and that the interrogation by Steele should have ceased. As noted, we took review in this case to address that question.

We now determine, however, that we need not address that issue. After the juvenile court had made its ruling excluding some (but not all) of the statements made by child to Steele, there was an adjudicatory hearing. At that hearing, after considerable evidence had been introduced that tended to implicate child in the planning and carrying out of Marrs' murder, child took the stand and testified. In

that testimony, he made several statements that were just as incriminating as the portion of child's statements to Steele that the juvenile court had already admitted.

Child's choice to testify at the hearing about the substance of the statements that he previously had sought to have suppressed defeats his argument. Whatever label is used—unpreserved error, harmless error, or waiver—child's own testimony in this case eliminated the possibility that the court's earlier ruling on the motion to suppress harmed him. *See, e.g., State v. Walton*, 311 Or 223, 231, 809 P2d 81 (1991) (defendant could not successfully claim reversible error in certain statements, because same information was contained in other statements whose admissibility defendant did not challenge).

It follows from the foregoing that, without regard to the specific legal grounds that it stated in its opinion, the Court of Appeals did not err in affirming the judgment of the juvenile court.[2]

The decision of the Court of Appeals and the judgment of the juvenile court are affirmed.

---

[2] We express no opinion concerning the merits of the rationale utilized by the Court of Appeals.