Argued and submitted August 28, 1996, affirmed March 26, petition for review denied September 23, 1997 (326 Or 58)

## STATE OF OREGON,
*Respondent,*

*v.*

## JACINTO HERNANDEZ LOPEZ,
*Appellant.*

(C9310-97CR; CA A87311)

936 P2d 386

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals his murder conviction, arguing that the trial court erred in failing to suppress the confession that he gave to police officers, because his confession was involuntary. The state contends that the conviction must be affirmed, because at trial defendant took the stand and admitted that he committed the murder for which he was charged and, consequently, has waived any right to object to the admission of his earlier confession. We agree with the state and affirm on that basis, expressing no opinion on the matter of the voluntariness of the confession.

Defendant was interviewed by police officers investigating the stabbing death of Sixto Ramirez Morales. The officers informed defendant of his rights against self-incrimination, and defendant responded that he knew and understood those rights. One of the officers then told defendant that it was "important [to] get [defendant's] side of the story." Defendant then confessed to the officers that he had stabbed Morales to death. Defendant was charged with the murder. Before trial, he moved to suppress the confession on the ground that the officer's statement that it was "important [to] get [defendant's] side of the story" rendered the confession that followed involuntary as a matter of law. The trial court denied the motion. Defendant then waived a jury trial, and the case was tried to the court. At trial, defendant testified and admitted that he stabbed Morales to death. The trial court rendered a verdict of guilty. On appeal, defendant's sole assignment of error is that the trial court should not have denied his motion to suppress his confession to the investigating officers.

The Supreme Court has held categorically that a defendant who chooses to take the stand and testify about certain facts cannot be heard to complain about the trial court's failure to grant a pretrial motion to suppress evidence of the same facts. In *State v. Dotson*, 239 Or 140, 396 P2d 777 (1964), for example, the defendant attempted to challenge the admissibility of his pretrial confession even though he later testified at trial to the same facts. The court refused to hear his objection:

"When defendant elected to repeat to the jury his pre-trial admissions, we think he waived every objection he might have urged to other proof by the state of the same or similar admissions."

*Id.* at 143. Similarly, in *State v. Unsworth,* 240 Or 453, 402 P2d 507 (1965), *cert den* 382 US 1014 (1966), the defendant confessed his crime to investigating officers prior to trial. When evidence of the confession was admitted at trial, he took the stand and admitted the same facts. Following trial, the United States Supreme Court decided *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964), in which it announced a requirement that defendants be advised of their right to remain silent and the right to counsel before making any incriminating statements. On appeal, the defendant asserted that his confession should not have been admitted, because he was not advised of his constitutional rights. The Supreme Court held that, whether or not the defendant was advised of his constitutional rights, when he

"took the witness stand and repeated in substance the same admissions contained in his statement, he waived any right to object to the admission of the statement * * *."

*Unsworth,* 240 Or at 460. To the same effect is *State v. Frazier,* 245 Or 4, 418 P2d 841 (1966), in which the court held that it was unnecessary to consider the voluntariness of a confession because the defendant later took the stand and testified that the statements in the confession were true. *Id.* at 9. Most recently, in *State ex rel Juv. Dept. v. Cook,* 325 Or 1, 932 P2d 547 (1997), the court held that, "[w]hatever label is used—unpreserved error, harmless error, or waiver," a defendant's choice to take the stand and testify as to evidence he or she earlier attempted unsuccessfully to suppress precludes that defendant from challenging the failure of the trial court to suppress the evidence.

Unfortunately, our own cases have not been so consistent. On the one hand, in *State v. Williams,* 7 Or App 579, 492 P2d 513 (1972), we held that, even conceding for the purposes of argument that the defendant's inculpatory pretrial statements were not admissible, "the error was rendered harmless when defendant later took the stand * * * and recounted the entire incident * * *." *Id.* at 582. On the other

hand, in *State v. Poole*, 31 Or App 925, 572 P2d 320 (1977), we took precisely the opposite position. We noted the Supreme Court's "apparently contrary" holding in *Unsworth*, but nevertheless held that, once the contested confession is admitted into evidence,

> "there is no reason to require defendant to ignore it for the remainder of the trial in order to preserve his right to appeal. The defense is entitled to attempt to explain its version of what happened without forfeiting its right to challenge the error on appeal."

*Poole*, 31 Or App at 931. We followed that with a somewhat more apologetic explanation in *State v. McKendall*, 36 Or App 187, 584 P2d 316 (1978). In that case, we attempted to distinguish *Unsworth* and *Frazier* on the ground that

> "*Frazier* and *Unsworth* dealt with situations where the defendant asserted a constitutional right on appeal that was not defined at the time of trial and therefore not raised at that level."

*McKendall*, 36 Or App at 193-94. The asserted distinction, however, flatly contradicts the Supreme Court's decision in *Unsworth*, in which the court expressly held that it did not matter whether the confession was admitted in violation of newly defined constitutional rights, because defendant had testified to the same facts at trial. *Unsworth*, 240 Or at 460. It is also contrary to *Frazier*, in which the Supreme Court made no mention of whether the defendant asserted at trial his right to advice of his constitutional rights before making incriminating statements to investigating officers. It is also contrary to *Dotson*, which was argued before the United States Supreme Court even announced *Escobedo*.

The fact is, *Poole* and *McKendall* cannot be reconciled with the Supreme Court's cases and must be overruled. Accordingly, under controlling Supreme Court authority, defendant in this case has waived any right to object to the admission of his pretrial confession that he stabbed Morales to death, having chosen to take the stand and testify to the same facts at trial.

Affirmed.