608 February 7, 2024 No. 78

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. V.-H.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

R. V.-H.,
Appellant.

Multnomah County Circuit Court
21JU00989
Petition Number
210219050
A178898 (Control), A178901

Francis G. Troy, II, Judge.

Argued and submitted January 12, 2024.

Erica Hayne Friedman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Kyleigh Gray argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Youth appeals a judgment finding him within the jurisdiction of the juvenile court for conduct that, if committed by an adult, would constitute unlawful possession of a firearm, ORS 166.250. On appeal, in his first assignment of error, youth contends that the juvenile court erred by denying his motion to suppress. We agree with youth, and we reverse and remand.[1]

In the juvenile court, relying on Article I, section 12, of the Oregon Constitution, and the Fifth Amendment to the United States Constitution, youth moved to suppress statements that he made to a detective during an interrogation while he was in police custody. Youth argued that the statements that he had made had to be suppressed because he had not voluntarily waived his *Miranda* rights. The juvenile court concluded that youth's *Miranda* waiver was voluntary, and youth assigns error to that ruling.

"We review trial court rulings on motions to suppress for legal error, deferring to the trial court's explicit and implicit factual findings where there is evidence in the record to support them." *State v. Didlot*, 322 Or App 662, 668, 521 P3d 159 (2022), *rev den*, 370 Or 822 (2023) (internal quotation marks omitted). "Whether a confession was the product of a prohibited inducement and whether a confession was otherwise involuntary are ultimately questions of law." *State v. Pryor*, 309 Or App 12, 18, 481 P3d 340, *rev den*, 368 Or 511 (2021). "The voluntariness of an admission or confession depends on whether or not, in the totality of the circumstances, a defendant's free will was overborne and his or her capacity for self-determination was critically impaired." *Id.* at 21 (brackets and internal quotation marks omitted). The totality of the circumstances includes, among other facts, a suspect's age, intelligence, education, and experience, as well as the methods of interrogation used, the length of the interrogation, and the interrogation's location. *State v. Jackson*, 364 Or 1, 21, 430 P3d 1067 (2018); *State*

---

[1] Youth also raises a second assignment of error. We do not address the merits of that assignment of error, however, both because our resolution of youth's first assignment of error obviates the need to address his second assignment of error and because youth's second assignment of error has become moot.

*ex rel Juv. Dept. v. Cook*, 138 Or App 401, 406, 909 P2d 202 (1996), *aff'd,* 325 Or 1, 932 P2d 547 (1997).

Further, "[a] confession in Oregon is considered involuntary unless the state proves by a preponderance its voluntariness." *Pryor*, 309 Or App at 21. As we have explained, "[a]mbiguities or uncertainties in the record cut against the state, not the defendant." *State v. Rodriguez-Aquino*, 311 Or App 519, 536, 489 P3d 1060 (2021).

Here, considering the totality of the circumstances, we conclude that the juvenile court erred when it concluded that youth voluntarily waived his *Miranda* rights. In reaching that conclusion, we highlight, among other circumstances, that youth was 14 years old; an officer's verbal interaction with youth when youth first descended the stairs of his parents' house; that, as the juvenile court found, the early morning time and location of the interrogation, which was with a different officer in a small room in youth's house, would have "impact[ed] youth's ability to participate and think and organize his thoughts"; and that youth was interrogated in the small room, alone, while his parents were held in police custody in a nearby room by an officer holding a rifle.

In reaching our conclusion, we also highlight that there are significant factual gaps in the record, which, as noted, "cut against the state." *Id.* Those factual gaps include that, during the suppression hearing, the officer who interrogated youth could not recall whether youth was handcuffed at the time of the interrogation, and could not recall whether the firearm that the officer was carrying during the interrogation was visible to youth or concealed.

Although it is true that certain other circumstances, such as the brief and conversational nature of the interrogation, militate toward a conclusion that youth's *Miranda* waiver was voluntary, we conclude that the circumstances, considered in their totality, lead to a conclusion that youth's *Miranda* waiver was not voluntary.

Reversed and remanded.